IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| JAMES ARTHUR COCKHREN and MARGARET LOUISE COCKHREN, Plaintiffs, vs. MIDWESTONE BANK, BILL ROTH, and JAMES CHIZEK, Defendants. | No. C11-2027 REPORT AND RECOMMENDATION |

On the 13th day of January 2012, this matter came on for hearing on the Motion for Entry of Default Judgment (docket number 7) filed by the Plaintiffs on September 15, 2011, and the Motion for Relief from Judgment Order of Special Execution (docket number 11) filed by the Plaintiffs on November 1, 2011.[1] Plaintiffs James Cockhren and Margaret Cockhren appeared personally, and were unrepresented by counsel. Defendants were represented by attorney H. Raymond Terpstra, II.

*RELEVANT FACTS AND PROCEEDINGS*

This case arises from a foreclosure action brought by MidWestOne Bank in the Iowa District Court for Black Hawk County.[2] On June 30, 2011, the state court entered

---

[1] On December 23, 2011, these matters were referred by Judge Edward J. McManus to the undersigned magistrate judge for a report and recommendation. *See* docket number 12.

[2] *See MidWestOne Bank v. James A. Cockhren, et al.*, Case No. EQCV114957 (Black Hawk County).

an order granting MidWestOne Bank's motion for summary judgment.[3] The state court entered judgment *in rem* against property owned by the Cockhrens, with a six-month delay of the sheriff's sale.[4]

Meanwhile, on June 16, 2011, the Cockhrens initiated the instant federal action by filing a "MOTION FOR DECLARATORY JUDGMENT, FAILURE TO COMPLY TO 20 DAY NOTICE OF RESCISSION, AND REQUEST FOR RELIEF FOR VIOLATION OF REGULATION Z PROVISIONS OF TILA." *See* docket number 3. The Defendants have not filed an answer or other responsive pleading. On September 15, 2011, the Cockhrens filed the instant motion for entry of default judgment, asserting that Defendants were served by certified mail, and requesting that the Court grant the "relief prayed for in the complaint."

Apparently, Defendants sent copies of the motion for declaratory judgment, together with summonses, by certified mail to attorneys Henry J. Bevel III and H. Raymond Terpstra. Copies of the return receipts are attached to the instant motion.[5] At the time of hearing, the Cockhrens conceded that Defendants were not personally served.

## *DISCUSSION*

The Plaintiffs are responsible for having the Defendants served timely with a summons and a copy of the complaint.

> A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint

---

[3] A copy of the order was filed by the Cockhrens as Exhibit G (docket number 4 at 2-12).

[4] The Cockhrens had previously filed for relief in bankruptcy court, but the stay was apparently lifted for the purpose of allowing the foreclosure action to proceed *in rem*. *See In re James Arthur Cockhren and Margaret Louise Cockhren*, No. 11-00560W (Bankr., N.D. Iowa).

[5] *See* docket number 7 at 6.

2

served within the time allowed by Rule 4(m) and must furnish
the necessary copies to the person who makes service.

FED. R. CIV. P. 4(c)(1).

The manner for serving an individual in the United States is described in Rule 4(e). An individual may be served in the manner permitted by state law, by delivering the documents to the individual personally, by leaving a copy of the documents at the individual's residence, or by delivering a copy to any authorized agent. *See* FED. R. CIV. P. 4(e). Here, it is undisputed that Plaintiffs did not have the individual Defendants served personally, nor did they leave copies of the documents at the Defendants' residences, or serve any authorized agents. Furthermore, the Iowa Rules of Civil Procedure do not permit an action to be brought with service by certified mail. Similarly, Plaintiffs did not comply with FEDERAL RULE OF CIVIL PROCEDURE 4(h) in serving the corporation. Since Defendants have not been served in compliance with Rule 4, Plaintiffs are not entitled to default judgment and the instant motion must be denied.

FEDERAL RULE OF CIVIL PROCEDURE 4(m) requires service be perfected within 120 days after the complaint is filed.

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m). Thus, if good cause exists for the delay in service, then the district court *must* extend the time for perfecting service. Even if the plaintiff fails to show good cause, however, "the court still *may* extend the time for service rather than dismiss the case without prejudice." *Adams v. AlliedSignal General Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996). Under the circumstances presented here, I recommend that Plaintiffs be given an additional 20 days in which to perfect service on Defendants.

3

Finally, I recommend that the "Motion for Relief from Judgment Order of Special Execution" filed by the Cockhrens on November 1, 2011 be denied without prejudice. Since Defendants have not been properly served, no action can be taken on the motion at this time.

## RECOMMENDATION

For the reasons set forth above, I respectfully recommend as follows:

1. The Motion for Entry of Default Judgment (docket number 7) filed by Plaintiffs on September 15, 2011 should be **DENIED**.

2. The Motion for Relief from Judgment Order of Special Execution (docket number 11) filed by Plaintiffs on November 1, 2011 should be **DENIED** without prejudice.

3. Plaintiffs should be given an additional twenty (20) days in which to perfect service on Defendants. If service is not perfected within that time, then the action should be dismissed.

The parties are advised, pursuant to 28 U.S.C. § 636(b)(1), that within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections with the district court. *The parties are reminded that pursuant to Local Rule 72.1, "[a] party asserting such objections must arrange promptly for a transcription of all portions of the record the district court judge will need to rule on the objections." Accordingly, if the parties are going to object to this Report and Recommendation, they must promptly order a transcript of the hearing held on January 13, 2012.*

DATED this 13th day of January, 2012.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA